[Criminal No. 528.   Filed January 15, 1923.]

[211 Pac. 595.]

# WILLIAM CROFF, Appellant, v. STATE, Respondent.

CRIMINAL LAW—STATUTE REQUIRES REVIEW OF RECORD NOTWITHSTANDING FAILURE TO FILE ABSTRACT, BRIEF OR ASSIGNMENTS OF ERROR. The Supreme Court will comply with the requirements of Penal Code of 1913, section 1171, and review the rulings of the superior court appearing in the record, though accused has brought up only the record and has filed no abstract, brief or assignments of error.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. Thos. P. Walton, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

McALISTER, C. J.—On September 2, 1921, appellant, William Croff, and Francisco Duarte and Jose Ortego, were jointly accused by the county attorney of Maricopa county, by information, of the crime of grand larceny, the property alleged to have been stolen being one steer calf about five months old, bearing a certain brand and earmarks, the personal property of John Zellweger. Duarte and Ortego were acquitted, but Croff was convicted, and his request for a new trial made in the proper time was denied, whereupon the court adjudged him guilty and gave him an indeterminate sentence in the state prison of not less than one nor more than three years. He appeals from this judgment and from the order denying his motion for a new trial, but has brought here only the record, no abstract, brief or assignments of error having been filed, though the case was

docketed in this court on December 13, 1921. It is thus left for this court to ascertain by itself, unaided by any suggestion from appellant, whether error calling for a reversal has been committed.

Notwithstanding appellant's failure in this respect, we have complied with the requirements of section 1171, Revised Statutes of 1913, Penal Code, and reviewed the "decisions, opinions, orders, charges, rulings, actions and proceedings made or had in the cause" in the superior court, appearing in the record. A careful examination of these, including the information, transcript of the evidence, instructions and the motion for a new trial, fails to disclose any error warranting action different from that taken by the trial court. It is established conclusively that the calf was stolen in the manner charged and that appellant was guilty of the crime.

His conviction being regular and in accordance with the law, the judgment is affirmed.

ROSS and LYMAN, JJ., concur.